Per Curiam.

The appellant Tax Commissioner urges that all the personal property transferred by the decedent to her daughter individually as gifts in 1954 and to her daughter as trustee under the trust agreement executed July 3, 1954 (final transfer in March 1955), was subject to the Ohio inheritance tax as gifts in contemplation of death under Section 5731.02 (C), Revised Code. Since the transfers in question were made more than two years prior to the death of the testatrix (Section 5731.04, Revised Code), it is admitted by counsel that the burden of proof in support of the contention that the gifts were in contemplation of death rests on appellant. See In re Estate of Robinson, 145 Ohio St., 55, at page 59, 60 N. E. (2d), 615.
The entry of the Probate Court overruling the exceptions of the Tax Commissioner to the determination of its inheritance tax states:
“On consideration of the exceptions, arguments of counsel and the oral evidence adduced at the hearing, the court finds that the securities irrevocably transferred by the decedent more than two years prior to her death were not transferred in contemplation of death and were not intended to accomplish a testamentary disposition of her property within the meaning of the inheritance tax laws of the state of Ohio and that said successions are not subject to an Ohio inheritance tax.” (Emphasis supplied.)
*355 The record submitted to this court does not contain any transcript of oral evidence upon which appellant’s counsel obviously relies both in briefs and argument here. Documentary evidence in the record shows only the will and the trust agreement which were executed on the same day, almost four years prior to testatrix’s death. The application to determine the inheritance tax filed by the executrix merely shows the amounts of property transferred and the dates of such transactions. The transcript of docket and journal entries in the Court of Appeals shows no filing of a bill of exceptions or of a transcript of oral evidence, and its journal entry recites that “on consideration whereof the court find there is no error apparent on the record in said proceedings and judgment prejudicial to the appellant. ’ ’
In the absence of a complete record disclosing all the facts on which the judgment of the Probate Court was based, this court finds itself in no position to disturb that judgment.
The judgment of the Court of Appeals, affirming the judgment of the Probate Court, is, therefore, affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Taet, Matthias and Herbert, JJ., concur.
Bell, J., concurs in the judgment solely because of the absence of a transcript of the evidence to demonstrate a prima facie case made by the Tax Commissioner.
0 ’Neill, J., not participating.